IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Criminal No. SAG-10-0769 |
| | | Civil Case No. SAG-20-64 |
| ANTONIO EDWARDS | * | |
| Defendant. | * | |

* * * * * * * * * * * * *

## MEMORANDUM OPINION

Currently pending is a 28 U.S.C. § 2255 habeas petition filed by defendant Antonio Edwards.[1] Edwards contends that his 2011 conviction under 18 U.S.C. § 922(g)(1) is defective in light of *Rehaif v. United States*, 588 U.S. ___, 139 S. Ct. 2191 (2019), because the Court did not advise him at the time of his guilty plea that an element of the offense required his knowledge that he was a person prohibited from possessing firearms. He also re-raises and modifies arguments that he raised unsuccessfully in a 2014 habeas petition. ECF 53 (opinion by United States District Judge J. Frederick Motz denying Edwards's first § 2255 petition). This Court has reviewed Edwards's motion and has determined that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, Edwards's Motion will be denied.

### I. FACTUAL BACKGROUND

A grand jury returned an indictment against Edwards on December 14, 2010, charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). ECF 1. Before his arrest for this offense, Edwards had sustained numerous prior criminal felony convictions. In

---

[1] Edwards has also filed a motion for compassionate release, which will be addressed separately.

relevant part, he had been convicted of possession with intent to distribute cocaine in 2001, for which he received a partially suspended sentence of 8 years' incarceration, possession with the intent to manufacture/distribute/dispense for a separate offense in 2001, for which he also received a partially suspended sentence of 8 years' incarceration, possession of a regulated firearm after felony conviction in 2002, for which he received a sentence of 5 years' incarceration without parole, and two instances of possession with intent to manufacture/distribute/dispense in 2007, for which he received a sentence of 5 years' incarceration.

In response to his federal felony charge, Edwards entered into a plea agreement incorporating an agreed statement of facts, which acknowledged that Edwards used a handgun to shoot and kill Kinlaw Jones on December 26, 2009. ECF 19 at 4. The plea agreement continued:

> Prior to December 26, 2009, the Defendant had been convicted of a crime punishable by a term of imprisonment of more than one year and his civil rights have not been restored.

ECF 19 at 5. The plea agreement also included an agreement and stipulation that the Defendant "has at least three prior convictions for a violent felony and/or serious drug offense." *Id.* In the plea agreement, Edwards and the Government agreed to a stipulated sentence of 300 months' imprisonment, to run concurrent to the sentence Edwards would receive in state court for Jones's murder. ECF 19 at 6. At sentencing, however, the Government agreed to an additional downward variance, and Edwards received a sentence of 278 months' incarceration, to run concurrent to his state sentences.

Several years after Edwards's federal conviction, in *Rehaif*, the Supreme Court ruled that in § 922(g) cases, the government has to prove that a defendant "knew he belonged to the relevant category of persons barred from possessing a firearm," or, in other words, that he knew he had been convicted of a crime punishable by imprisonment of more than one year. *Rehaif*, 139 S. Ct.

at 2200. On January 9, 2020, Edwards filed the instant motion to vacate the judgment in his case pursuant to the *Rehaif* decision. This Court held all *Rehaif*-related habeas petitions, including Edwards's, in abeyance until the Supreme Court decided *Greer v. United States*, 141 S. Ct. 2090 (2021). With that Court's guidance, the petition is now ripe for disposition.

## II. APPLICABLE LEGAL STANDARDS

In *Greer*, the Supreme Court considered cases involving two defendants who, like Edwards, had been convicted and sentenced prior to *Rehaif*. The Court explained that to prevail on plain-error review, each defendant had to make "a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Greer*, 141 S. Ct. at 2100. If such an argument or representation is made, "the court must determine whether the defendant has carried the burden of showing a 'reasonable probability' that the outcome of the district court proceeding would have been different." *Id.* The Court cogently summarized the difficulty most defendants will have in meeting that high bar:

> The reason is simple: If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets. That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon. A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty.

*Id.* at 2097 (internal quotation and citation omitted) (emphasis in original).

## III. ANALYSIS

Edwards did not file a direct appeal of his conviction. *See United States v. Wilson,* 256 F.3d 217, 221 (4th Cir. 2001); Fed. R. App. P. 4(b)(1)(A). He did, however, timely file a § 2255 petition on March 25, 2014. ECF 38. That petition, which argued ineffective assistance of counsel, a less than knowing and intelligent guilty plea, and this Court's lack of jurisdiction over his case,

was denied on its merits on September 30, 2014. ECF 53. Edwards's instant motion, then, is a second or successive § 2255 petition that has not been authorized by the Court of Appeals.[2] Any second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Because Edwards has not received an order from the Fourth Circuit authorizing a second or successive petition, this Court is without jurisdiction to consider his instant petition. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir.1997) (noting that the petitioner must seek permission from the circuit court to file a second or successive motion under § 2255); *Burgess v. Warden*, No. 2:11–1621–CMC, 2011 WL 4345430, at *2 (D.S.C. Sept.15, 2011) ("As Petitioner is no doubt well aware, prior to filing a second or successive motion under § 2255, he must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This he has not done.").

Edwards separately argues that his *Rehaif* claim is not subject to the prohibition on second or successive § 2255 petitions. Even if that were true, Edwards's failure to raise his *Rehaif* claim on direct appeal constitutes a procedural default barring presentation of his claim in a § 2255

---

[2] Edwards's argument that his first § 2255 was denied as untimely is incorrect. The presiding judge addressed the merits of his arguments. ECF 53.

petition, unless he can demonstrate either cause and prejudice, or actual innocence. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010). Here, Edwards has done neither. He cannot show actual innocence because he stipulated to having a prior felony conviction in his guilty plea and because he had been sentenced, on numerous occasions, to more than one year in prison. It defies logic to suggest, then, that he was unaware that he had been convicted of a crime punishable by more than one year of imprisonment.

And he cannot demonstrate "cause and prejudice" either. "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). To the extent Edwards would argue novelty because *Rehaif* was not decided until 2019, his claim fails because "other defense counsel have perceived and litigated that claim," albeit unsuccessfully, years prior. *Engle v. Isaac*, 456 U.S. 107, 134 (1982) (noting that in such circumstances where the claim has been raised previously by other attorneys, "the demands of comity and finality counsel against labeling alleged unawareness of the objection as cause for a procedural default."); *United States v. Williams*, 588 F.2d 92, 92-93 (4th Cir. 1978) (rejecting *Rehaif*-type arguments more than 40 years ago). Even if Edwards were able to show cause, he cannot show prejudice, which is defined as an error that "worked to his actual and substantial disadvantage" and was "of constitutional dimension[ ]." *United States v. Frady*, 456 U.S. 152, 170 (1952) (emphasis omitted). In light of the ample evidence that Edwards knew of his prior felony convictions, he is unable to establish that the Court's failure to advise him that he needed to know he was a felon worked to his disadvantage at all. Therefore, to the extent Edwards ever had a viable *Rehaif* claim, it was procedurally defaulted.

Apart from this Court's findings on procedural default, however, Edwards's *Rehaif* claim would also fail on the merits in light of the Supreme Court's decision in *Greer*. For all the reasons explained above, the record conclusively demonstrates that Edwards knew of his prior felony convictions. He therefore cannot show any "'reasonable probability' that the outcome of the district court proceeding would have been different." *Greer*, 141 S. Ct. at 2100. Edwards's *Rehaif* Motion, ECF 79, will be denied by separate order.

**IV. CERTIFICATE OF APPEALABILITY**

This Court must "issue or deny a certificate of appealability when it issues a final order adverse to the applicant." *See* Rule 11(a) of the Rules Governing § 2255 Cases. A certificate of appealability is a jurisdictional prerequisite to an appeal from this Court's order, and should issue only where there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court has considered the record and finds that Edwards has not made the requisite showing by demonstrating that reasonable jurists would find this Court's assessment of the claim debatable or incorrect. *See, e.g.*, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001). Accordingly, a certificate of appealability is denied.

<u>January 11, 2023</u>　　　　　　　　　　　_____/s/_____
Date　　　　　　　　　　　　　　　　　Stephanie A. Gallagher
　　　　　　　　　　　　　　　　　　　United States District Judge