IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES | * |
| v. | * Crim. Case No.: SAG-10-0769 |
| ANTONIO EDWARDS | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

In 2011, Antonio Edwards pled guilty to possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). ECF 18. In his plea agreement and at his rearraignment, Edwards agreed that he had used the gun to commit a murder. ECF 19, 49 at 17. Although the guilty plea agreed that the parties would make a joint recommendation of a 25-year sentence, at sentencing, the government agreed to a slight downward variance and a sentence of 278 months, to run concurrent to any state sentence Edwards would receive for the murder. *Id.,* ECF 33, 34.

Edwards has now filed a motion for compassionate release, seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF 88. Full briefing ensued, ECF 98, 103[1], and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, Edwards's Motion will be denied.

I.   **LEGAL STANDARDS**

As part of the First Step Act, enacted in December, 2018, Congress expanded 18 U.S.C. § 3582(c), which permits courts to reduce an existing term of imprisonment where "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C.

---

[1] Edwards's reply, ECF 103, is entirely unhelpful in that it makes a series of frivolous arguments without addressing any of the relevant factors this Court must consider. However, his initial motion, ECF 88, cogently and articulately sets out his arguments in support of compassionate release. Because he has evidenced an adequate ability to present his positions to the Court while self-represented, his motion for appointment of counsel, ECF 89, will be denied.

§ 3582(c)(1)(A)(i) (2018); Pub. L. No. 115-391, tit. VI, § 603(b), 132 Stat. 5194, 5239-41 (2018).  Whereas previously, any motion for compassionate release had to be initiated by the Bureau of Prisons ("BOP"), the First Step Act authorized defendants to move for a reduction of their sentence on their own behalf.  § 603(b)(1).  Before a defendant's motion can be filed with the Court, one of two conditions must be satisfied:  (1) the defendant must have exhausted all administrative remedies to appeal the BOP's failure to bring a motion on his behalf, or (2) thirty days must have lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier.  *Id.*  Once a motion for compassionate release is properly filed, the Court follows a three-step inquiry: (1) determining whether "extraordinary and compelling reasons" render the inmate eligible for compassionate release; (2) considering whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction; and (3) ensuring that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).

## II.  ANALYSIS

The Government concedes that Edwards adequately exhausted his administrative remedies.[2]  *See* ECF 99 at 3.  Thus, this Court turns to the three-step inquiry enumerated under § 3582(c)(1)(A), beginning with whether Edwards has established any "extraordinary and compelling reason[]" warranting further consideration of compassionate release.

Congress has charged the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A).  28 U.S.C. § 994(t) (2018).  In response, the Commission defined

---

[2] Edwards filed a separate "Motion in Response to Notice," ECF 96, relating to issues about his administrative exhaustion.  As administrative exhaustion is not contested, ECF 96 will be denied as moot.

"extraordinary and compelling reasons" to exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is at least 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the BOP.  *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1(A)–(D) (U.S. SENTENCING COMM'N 2018) (hereinafter "U.S.S.G."). This Court has authority to consider any "extraordinary and compelling reason" a defendant might raise, regardless of the BOP's determinations.  *See United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020).

Relevant to this case, the COVID-19 pandemic can, in certain circumstances, give rise to an "extraordinary and compelling reason[]" for an inmate's release under the First Step Act.  *See, e.g.*, *Wise v. United States*, Crim. No. ELH-18-72, 2020 WL 2614816, at *6-8 (D. Md. May 22, 2020); *United States v. Gutman*, Crim, No. RDB-19-0069, 2020 WL 2467435, at *2 (D. Md. May 13, 2020).  In this Court's view, the case law demonstrates that continued exposure to COVID-19 in an incarcerative setting might convert an otherwise manageable medical condition into a "serious medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  *See* U.S.S.G. § 1B1.13 cmt. n. 1(A)(ii)(I).

However, the fact that COVID-19 is present in a correctional facility is not alone sufficient to qualify an inmate for compassionate release under the First Step Act.  *See United States v. Williams*, Crim. No. PWG-13-544, 2020 WL 1434130, at *3 (D. Md. Mar. 24, 2020) (Day, M.J.) ("The existence of the present pandemic, without more, is not tantamount to a 'get out of jail free' card.").  Instead, relevant case law instructs that to qualify for compassionate

release, an inmate must demonstrate that he: (1) has a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released. *Compare Wise*, 2020 WL 2614816, at *6-7 (discussing the danger that COVID-19 poses, and collecting cases finding that "serious chronic medical conditions and old age qualify" as compelling reasons for compassionate release), *and United States v. Harper*, Crim. No. 7:18-00025, 2020 WL 2046381, at *3, *3 n.3 (W.D. Va. Apr. 28, 2020) (release justified by the defendant's age, heart condition, COPD, emphysema, and asthma, coupled with the fact that the prison he was housed at had "the fourth largest number of infections among federal prisons in the country"), *and United States v. Mel*, Crim. No. TDC-18-0571, 2020 WL 2041674, at *3 (D. Md. Apr. 28, 2020) (release warranted where defendant was housed at one of the "federal prisons most profoundly impacted by COVID-19," and had a serious medical condition for which she had been prevented from receiving treatment), *with United States v. Austin*, Case No. 15-20609, 2020 WL 2507622, at *4-5 (E.D. Mich. May 15, 2020) (finding that even if the defendant's petition was timely, release would be improper, even though he both was immunocompromised and had heart disease, because there were no COVID-19 cases at his prison), *appeal filed*, No. 20-1523 (6th Cir. June 8, 2020); *and United States v. Shah*, Case No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. Apr. 22, 2020) (denying release, in part, because there were no COVID-19 cases at the inmate's facility, and the prison was making efforts to protect inmates).

Edwards's medical records demonstrate that he suffers from asthma, which is generally well-controlled. ECF 98-2; 98-3. Moderate to severe asthma is widely recognized to increase a person's risk of COVID-19 complications. However, Edwards already had COVID-19 on at least one occasion and was essentially asymptomatic. ECF 98-2 at 49; 98-3 at 17, 19, 25.

Moreover, several years into the pandemic, this country enjoys the widespread availability of highly effective vaccines approved by the Food and Drug Administration. Although the vaccines may only modestly reduce the likelihood of a recipient's infection, they dramatically reduce most recipients' risk of severe complications or death from COVID-19. Edwards has received the vaccines. ECF 98-3 at 41. In light of his vaccination status, his prior mild experience with COVID-19 infection, and his well-controlled asthma symptoms, this Court does not find COVID-19 risk poses an "extraordinary and compelling circumstance" warranting further consideration of his release.

The remaining question for the Court, then, is whether any other factors, individually, collectively, or in combination with any risk posed by COVID-19, suffice to establish an "extraordinary and compelling circumstance." Edwards first claims that he is not an Armed Career Criminal in light of the Supreme Court's ruling in *Borden v. United States,* 141 S. Ct. 1817, 1827 (2021). That ruling addressed the definition of "violent felony" in the Armed Career Criminal Act, but Edwards's status as an Armed Career Criminal derived from his four prior felony drug convictions, not from convictions for violent felonies. Moreover, this type of legal argument is more properly addressed through a 28 U.S.C. § 2241 motion. Defendant has filed such a motion, which is presently pending in the Southern District of Indiana, where he is incarcerated. *See* 22-cv-00240-JMS-MJD (S.D. Ind.) ECF 1 at 7. This argument, therefore, is afforded no weight in determining whether Edwards has set forth an "extraordinary and compelling reason" for compassionate release.

Edwards also argues ineffective assistance of counsel. That argument was rejected by the sentencing judge when presented in the context of Edwards's § 2255 motion in 2014, and thus adds no weight to his current arguments for compassionate release.

Finally, Edwards cites to his disciplinary history and rehabilitative efforts. He has participated in several programs and classes, has earned a GED and a CDL, and has voluntarily enrolled in the Life Connections Program, a restorative justice program aimed at reducing recidivism. This Court recognizes Edwards's meaningful accomplishments during his term of imprisonment. However, this Court disagrees that Edwards's track record can be viewed as "extraordinary and compelling," particularly given his recent August 19, 2022 sustained infraction for "assaulting without serious injury" at his BOP facility, and his history of other infractions. ECF 98-4. This Court cannot categorize Edwards's prison record as "exemplary," like other defendants whose records have warranted further compassionate release consideration. This factor, then, does not rise to the level of "extraordinary and compelling," either alone or in combination with Edwards's COVID-19 concerns or other factors raised.

Because this Court finds no extraordinary and compelling reason to proceed further with its analysis, it need not reach the 18 U.S.C. § 3553(a) factors. This Court notes, however, that any consideration of such factors would involve weighing the murder that Edwards committed, which would counsel heavily against a sentencing reduction.

Edwards's Motions, ECF 88, 89, and 96, will be denied by separate orders.

                                                          /s/
                                          Stephanie A. Gallagher
                                          United States District Judge