IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| v. | *   Crim. Case No.:  SAG-10-0769 |
| | * |
| **ANTONIO EDWARDS,** | * |
| | * |
| Defendant. | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>MEMORANDUM OPINION</u>**

On June 9, 2011, Petitioner Antonio Edwards pleaded guilty to Possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). ECF 18. In his plea agreement, Edwards admitted to committing a murder. ECF 117-1 at 6-7. At sentencing, he received a sentence of 278 months of incarceration. ECF 34. Edwards has now filed a motion seeking a sentencing reduction pursuant to United States Sentencing Guideline (USSG) Amendment 821. ECF 113. The Government filed an opposition to the motion, ECF 117, and no reply has been filed. No hearing is necessary to resolve the issues raised. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, Edwards's motion must be DENIED.

Amendment 821 to the USSG, which relates to the calculation of a defendant's criminal history category, authorizes eligible defendants to seek a discretionary sentencing reduction under 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10. The Sentencing Commission has made the relevant provision of Amendment 821 retroactively applicable. Part A of the amendment eliminates the two "status points" previously added under § 4A1.1(d) for a defendant who committed a new offense while under any criminal justice sentence. Instead, Part A, in subsection (e), adds just one "status point" for any defendant who (1) has seven or more criminal history points and (2) committed the instant offense while under a criminal justice sentence. A defendant with fewer than seven criminal

history points receives no status points. Guideline § 1B1.10 permits a district court to reduce a defendant's sentence where the defendant (1) is serving a term of imprisonment and (2) the guidelines range applicable to the defendant "has subsequently been lowered as a result" of a retroactive amendment to the guidelines.

In Edwards's Presentence Report, the points assigned for each of his previous criminal convictions amounted to a total of 15 criminal history points. PSR ¶ 54. Because a defendant with 13 or more criminal history points is in criminal history category VI, Edwards was assigned to that category. He received no "status points" for having been under a criminal justice sentence at the time of the instant offense. As a result, Part A of the amendment would not change or impact Edwards's criminal history category at all. He still would have 15 criminal history points and would still be in category VI. Because his guideline range would be no lower, Amendment 821 provides no valid reason to reduce his sentence.

For the reasons stated above, Edwards's motion, ECF 113, will be DENIED by separate order.

Date: August 15, 2025                              /s/
                                                Stephanie A. Gallagher
                                                United States District Judge